## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

**SANDRA L. SAVAGE**,

*Plaintiff,*

vs.

**RKT SEMINOLE, LLC**,

*Defendant.*

**Case No.:** CIV-18-611-F

## COMPLAINT

COMES NOW the Plaintiff, SANDRA L. SAVAGE, by and through her attorneys of record, Robert J. Wagner and Jon J. Gores of WAGNER & WAGNER, P.C., and for her cause of action against the Defendant alleges and states as follows:

### PARTIES

1.     Plaintiff, SANDRA L. SAVAGE (hereinafter "Plaintiff"), is a forty-one (41) year old female resident of Jefferson County, State of Oklahoma.

2.     Defendant, RKT SEMINOLE, LLC (hereinafter "Defendant"), is upon information and belief a Limited Liability Company established and incorporated in the State of Oklahoma with its registered service agent in Oklahoma City, State of Oklahoma.

3.     Defendant owns and operates various McDonald's franchises throughout Oklahoma, and Defendant acquired the McDonald's franchise located at 1817 N. HWY 181, Duncan, OK 73533 on June 1, 2017.

4.     Plaintiff was employed by Defendant at the McDonald's franchise location in Duncan from August 16, 2006 through her termination on October 10, 2017 as a Store Manager.

### JURISDICTION AND VENUE

5.     This is a cause of action for discrimination and wrongful termination

based on Sex (Female) in violation of Title VII of the Civil Rights Act of 1964, as amended; the Age Discrimination in Employment Act (ADEA); the Oklahoma Anti-Discrimination Act (25 O.S. §1301, et seq); and the common law of the State of Oklahoma.

6.      Jurisdiction over the Federal claims is vested pursuant to 29 U.S.C. §626(c), 42 U.S.C. §12117(a), 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.  The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 29 U.S.C. §1367(b).

7.      All actions complained of occurred in Stephens County, Oklahoma, and Defendant may be served in that county, which is within the geographic limits of the United States District Court for the Western District of Oklahoma, wherefore venue is proper in this court under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b).

8.      Plaintiff has complied with the administrative prerequisites of filing a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on the 7th day of March, 2018 alleging discrimination on the basis of "SEX", "AGE" and "RETALIATION" in Charge No.: (564-2018-00571), a copy of which is attached hereto (as "Appendix-1") and incorporated herein by this reference.

9.      The "Notice of Suit Rights" was issued and mailed to Plaintiff and Defendant on or about the 22nd day of March, 2018, Plaintiff first received a copy

of the "Notice of Suit Rights" or "Right to Sue Letter" on or after the 24th day of

March, 2018.  A copy of said "Notice" is attached hereto (as "Appendix-2") and

incorporated herein by this reference.

10.     The ninety (90) day period within which Plaintiff must file an action,

pursuant to the "Notice of Suit Rights" expires on or after the 22nd day of June,

2018.

11.     The EEOC has a work share agreement with the Oklahoma Attorney

General's Office of Civil Rights Enforcement ("OCRE") located in Oklahoma's

Attorney General's Office such that a filing with the EEOC satisfies any

requirements under the Oklahoma Anti-Discrimination Act.

## STATEMENT OF FACTS

12.     Plaintiff began working for McDonald's in Duncan as a Crew Member in

2001.

13.     In June of 2002, Plaintiff was moved to the McDonald's located inside of

Walmart, and she continued to hold the position as Crew Member.

14.     Through hard work and dedication, Plaintiff was promoted to Store

Manager of the McDonald's location in Walmart and continued this position until August

16, 2006 when she was promoted to the McDonald's located at 1817 N. HWY 181,

Duncan, OK 73533 which is presently owned and operated by Defendant.

15.     Plaintiff worked at both the Walmart and N. HWY 181 store locations in

2013 as Store Manager until the Walmart location permanently shut down in 2014.

16.     At that time Plaintiff remained the store manager at the store located at N. HWY 181.

17.     On or around June 1, 2017, Ryan Thorley (hereinafter "Mr. Thorley") purchased the N. HWY 181 Franchise location, and began operating the store under his company RKT Seminole, LLC.

18.     Mr. Thorley owned ten (10) other stores spread out across the state.

19.     Mr. Thorley hired Jose Barbanez (hereinafter "Mr. Barbanez") to act as his Area Supervisor over his stores.

20.     Mr. Barbanez was Plaintiff's direct supervisor.

21.     While working with Mr. Barbanez, Plaintiff and other crew members became subjected to inappropriate comments and a hostile work environment.

22.     On or around October 7, 2017, Mr. Barbanez told Plaintiff and the Crew about how he had sex with a woman and choked her until he thought she was dead, and how he was going to dispose of her body but she woke up.

23.     Mr. Barbanez would also show inappropriate pictures of sexual nature to Plaintiff and Crew Members in which Plaintiff stated they were inappropriate and offensive.

24.     Mr. Barbanez would describe food products as "tits."

25.     Mr. Barbanez behavior created a Hostile Work Environment and Plaintiff stated this to Mr. Barbanez.

26.     Plaintiff received numerous complaints regarding Mr. Barbanez behavior from other employees.

27.     Plaintiff had a conversation with shift manager Elijah McIntosh (hereinafter "Mr. McIntosh"), maintenance man Theo Hudson (hereinafter "Mr. Hudson") and grill manager Ed Mitchell (hereinafter "Mr. Mitchell") on October 7, 2017 about Mr. Barbanez behavior and how she was planning on speaking to Mr. Thorley when he was going to be in the store on October 11, 2017.

28.     Plaintiff was scheduled to have time off and she was scheduled to return to the store on October 10, 2017.

29.     On October 10, 2017 when Plaintiff returned to work she was called into the lobby by Mr. Thorley, and Plaintiff was told she was being let go due to under performance.

30.     Plaintiff later found out that her assistant manager, who is a younger male employee was already set to replace her as Store Manager after she opposed Mr. Barbanez discriminatory behavior.

31.     Defendant failed to follow its own policies against discrimination on the basis of Sex and Age.

32.     The store was performing well under the management of Plaintiff at all times.

33.     The store was improving since new ownership, and Plaintiff was receiving favorable performance evaluations and bonuses that describe her exemplary job performance.

34.     Defendant's creation of "excuses" for Plaintiff's termination should be considered evidence of pretext which along with failure to follow established

policies should be viewed as evidence of intentional discrimination.

35.     Plaintiff was treated less favorably on the basis of her age (40 at the time) and her Sex (Female).

36.     Plaintiff opposed discrimination and hostile work environment, and she was ultimately terminated a short time later.

37.     Defendant failed to follow established requirements under Title VII, the ADEA, and the OADA, allowing the workplace to become a "hostile workplace" as defined by statute.

38.     Defendant's conduct toward Plaintiff, as alleged above, has caused Plaintiff to suffer humiliation, embarrassment, degradation and emotional distress.

39.     As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of the career potential she had with Defendant, and the loss of wages, benefits and other compensation that such employment entails.

40.     Plaintiff has suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

41.     As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.

42.     Plaintiff seeks all remedies afforded under the law for the discrimination and wrongful termination.

## CAUSES OF ACTION

## *COUNT I*

### Violation of Title VII of the Civil Rights Act
### of 1964, as Amended

Plaintiff incorporates all prior allegations and further alleges that:

43.     Plaintiff is member of a protected class on the basis of her Sex (Female).

44.     Plaintiff was subjected to a Hostile Work Environment when her direct supervisor would continually make inappropriate and sexual comments that made Plaintiff and other co-workers feel uncomfortable.

45.     Plaintiff stated that the comments and behavior were inappropriate, and the behavior and comments continued.

46.     Defendant had a duty to ensure the workplace was free of unlawful discriminatory employment practices including making sure the workplace is free from a Hostile Work Environment.

47.     Plaintiff was ultimately terminated for opposing

48.     Plaintiff seeks declaratory judgment that Defendant violated Title VII and award all damages authorized thereunder.

49.     Because the actions of Defendant were willful, wanton or at the least, in reckless disregard of Plaintiff's rights, punitive damages should be assessed under both state and federal law in a sum equal to or greater than the amount of actual damages awarded.

## *COUNT II*

### Violation of Age Discrimination in Employment Act (ADEA)

Plaintiff incorporates all prior allegations and further alleges that:

50.     Plaintiff at the time of her termination was a member of a protected class based on her age (40 years).

51.     Discrimination based on age is contrary to the ADEA, at the least one motivating and/or significant factor in Defendant's less favorable treatment toward and ultimate termination of Plaintiff was related to her age (or this factor in combination with her Sex).

52.     Plaintiff was terminated and her position was replaced by a younger male employee under the age of 40.

53.     As the direct and proximate result of Defendant's action, Plaintiff has suffered lost income, past and future, emotional distress and other non-pecuniary losses for which she is entitled to compensation.

54.     Under the ADEA, Plaintiff in entitled to lost wages (past and future) and liquidated damages.   Under state law Plaintiff is entitled to the actual and punitive damages claims set out in Court I above.

55.     Plaintiff seeks declaratory judgment that Defendant violated the ADEA and award all damages authorized thereunder.

### *COUNT III*

**Violation of Oklahoma Anti-Discrimination Act (OADA)**

Plaintiff incorporates all prior allegations and further alleges that:

56.     Plaintiff in addition to the violations under Title VII alleges discrimination and seeks damages for violations of the Oklahoma Anti-Discrimination Act ("OADA"),

but only to the extent state law is NOT a duplication of the relevant Federal law or remedies for national origin discrimination under the OADA.

57.     Defendant's failure to properly hire, train, supervise or discipline its employees and management for discrimination constitutes negligence.

58.     The negligence included failure to follow the policies of assigning individuals to different job positions in their employment with Defendant, and training to understand employee's status as lawful permanent residents.

59.     As a result of the negligence to properly hire, train, supervise or discipline those charged with carrying on the company's business, Plaintiff was subjected to discrimination on basis of national origin by managers who wished to have non-Mexican employees.

60.     As a result of the discrimination, Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.  Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

### *COUNT III*

**Retaliation for Engaging in a Protected Activity in Violation of
Title VII of the Civil Rights Act of 1964, as Amended, including**

Plaintiff incorporates <u>all</u> prior allegations and further alleges that:

61.     Plaintiff in addition to the violations under Title VII alleges discrimination and violation of the Oklahoma Anti-Discrimination Act (OADA) for discrimination and hostile work environment on the basis of Sex (Female) seeks damages for retaliation for engaging in a protected activity, in violation of Title VII of the Civil Rights Act of 1964, as Amended, including § 704(a).

62.     Plaintiff was terminated from her employment with Defendant on October 10, 2017 because Plaintiff complained of her supervisor making inappropriate sexual comments in the workplace and exhibiting inappropriate behavior.

63.     In response Plaintiff was terminated.

64.     Plaintiff believes this is in response to opposing discrimination and hostile work environment.

65.     Plaintiff is a member of a protected class based on her Sex (Female).

66.     Plaintiff engaged in a protected activity under § 704(a) of the Civil Rights Act of 1964, as Amended when she reported opposed the discriminatory behavior.

67.     As a result, Plaintiff was retaliated for engaging in a protected activity.

68.     Plaintiff has been caused embarrassment, humiliation, mental pain and anguish and lost wages.  Plaintiff claims damages in excess of ten thousand dollars ($10,000.00).

WHEREFORE, Plaintiff, SANDRA L. SAVAGE, prays that she be awarded judgment against the Defendant and all relief as may be appropriate, including, but not limited to actual damages, including lost wages, liquidated damages and front pay, and other benefits from working, non-economic damages, punitive damages, where authorized by law, pre and post judgment interest, attorney fees, costs and any other different or additional relief as may be just through law or equity.

Respectfully submitted by:

WAGNER & WAGNER,
4401 N. Classen Blvd., Ste. 100
Oklahoma City, OK 73118-5038
(405) 521-9499, (Fax) 521-8994
(e-mail)  rjw@wagnerfirm.com
(e-mail)  jjg@wagnerfirm.com

*s/ Jon J. Gores*

By: _____
     Robert J. Wagner, OBA #16902
     Jon J. Gores, OBA #31068
     Attorneys for Plaintiff
     SANDRA L. SAVAGE

ATTORNEY'S LIEN CLAIMED